IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUIS DERON DEVERS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-23-00731-PRW |
| WARDEN GOLDEY, | ) ) ) |
| Respondent. | ) ) |

**ORDER**

This matter is before the Court on United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 6), recommending dismissal of Petitioner Devers's Petition for Writ of Habeas Corpus (Dkt. 1), and Petitioner's timely filed objections to the report and recommendation (Dkt. 7).

Petitioner was sentenced in two Oklahoma state cases on January 23, 2012, and January 30, 2012, those sentences to run concurrently. On March 19, 2012, the United States Marshal Service ("USMS") temporarily removed Petitioner from state custody via a writ of habeas corpus *ad prosequendum* pursuant to federal obstruction and robbery charges. On April 22, 2013, the Northern District of Oklahoma sentenced Petitioner to 180 months on those charges. In accordance with the plea agreement, the federal sentence was imposed concurrent to the state sentences. Petitioner was returned to state custody on May 1, 2013.

Petitioner challenges the execution of his sentence pursuant to 28 U.S.C. § 2241. Construing the Petition liberally, Magistrate Judge Erwin understood Petitioner's

1

complaint to be the proper time credited against his federal sentence.[1] Specifically, Petitioner suggests that the period from when USMS temporarily seized him on March 19, 2012, to the imposition of his federal sentence on April 22, 2013, should be credited towards his federal sentence.

Magistrate Judge Erwin concluded that Petitioner's federal sentence, including all time credited against it, was properly calculated. 18 U.S.C. § 3585(b) mandates that a prisoner may not receive credit towards a federal sentence "for any time . . . spent in official detention . . . credited against another sentence." According to documentation provided in the Petition, Petitioner was appropriately credited with time spent in pretrial detention before his first state sentence was imposed on January 22, 2012.[2] From that point until his federal sentence was imposed, Petitioner was in official state detention for his state sentence, time which § 3585(b) bars from being credited against his federal sentence. Temporary USMS seizure pursuant to a writ of habeas corpus *ad prosequendum* does not relinquish state jurisdiction, and therefore changes nothing in the credit calculations.[3] Accordingly, Magistrate Judge Erwin recommended that the Petition be dismissed.

---

[1] Petitioner also raises Eighth Amendment and Fourth Amendment claims relating to the plea agreement and his "seizure" by USMS. As Magistrate Judge Erwin noted, these arguments are not proper in a § 2241 habeas petition. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)); *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (noting that a Fourth Amendment violation could underpin a 42 U.S.C. § 1983 cause of action).

[2] Pet. (Dkt. 1-2).

[3] *See Hernandez v. U.S. Atty. Gen.*, 689 F.2d 915, 919 (10th Cir. 1982); *accord Wise v. Chester*, 424 F. App'x 726, 729 (10th Cir. 2011).

In his objections, Petitioner argues that this issue is not governed by § 3585(b), but rather 18 U.S.C. § 3584. Section 3584(a) provides that multiple sentences may be run concurrently or consecutively and describes situations where one or the other is the default. Section 3584(c) provides that multiple terms of imprisonment "shall be treated for administrative purposes as a single, aggregate term of imprisonment." Petitioner repeatedly references *Unites States v. Eccleston*[4] for the proposition that § 3584(c) somehow interacts with or overrides the credit calculation provisions of § 3585. It does not, and nothing in *Eccleston* suggests otherwise.[5] Nor does *Eccleston* call into question the long line of cases discussing the custodial effects of an *ad prosequendum* writ.[6]

Having reviewed Magistrate Judge Erwin's Report and Recommendation *de novo*, the Court agrees with the reasoning and conclusions therein. The Court **ADOPTS** the Report and Recommendation (Dkt. 6); the Petition (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 9th day of January 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] 521 F.3d 1249 (10th Cir. 2008).

[5] *Eccleston* involved a defendant who received state and federal sentences on the same day, although in separate proceedings. The case concerned the proper application of § 3584(a) and whether the sentences should be deemed to run concurrently or consecutively. No mention is made of either § 3584(c) or § 3585. *Id.* at 1251–54.

[6] Again, despite Petitioner's repeated citations to the case, *Eccleston* did not involve or discuss these issues. *Id.*